**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HAKIM KELLY, | : | Civil Action No. 14-3165 (PGS) |
| Plaintiff, | : | |
| v. | : | OPINION |
| GARY LANIGAN, et al., | : | |
| Defendants. | : | |

SHERIDAN, DISTRICT JUDGE

Plaintiff Hakim Kelly ("Plaintiff"), a convicted prisoner currently confined at New Jersey State Prison in Trenton, New Jersey, seeks to bring this action *in forma pauperis*. Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint must be dismissed.

## I. BACKGROUND

The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

During his incarceration, Plaintiff alleges that he has been under supervision of Senior Corrections Officer ("SCO") Stevenson twice. (Compl. ¶ 23.) On July 11, 2008, SCO Stevenson called Plaintiff to his desk and stated, "I will get you." (*Id.*) Plaintiff reported that encounter and as a result, he was placed in protective custody and then transferred to another facility. (*Id.*)

On January 5, 2011, Plaintiff was sent to the Central Reception Assignment Facility based on a positive drug test. (*Id.* at ¶ 25.) It was later determined that the positive urine was a false positive and that someone had tampered with the urine specimen to conclude such results. (*Id.*) On January 20, 2011, it was declared that Plaintiff would face no disciplinary charges and he was ordered to be returned to a halfway house. (*Id.* at ¶ 26.) On January 23, 2011, Plaintiff informed the administration about the past incident between SCO Stevenson and himself and he was placed in protective custody. (*Id.* at ¶¶ 27-28.) However, the following morning while performing a body count, SCO Stevenson stopped at Plaintiff's cell and stated, "Next time I won't miss". (*Id.* at ¶ 28.) Plaintiff reported the incident which resulted in yet another administrative removal. (*Id.*)

On December 16, 2011, while incarcerated at Southern State Correctional Facility, Plaintiff filed a civil rights action regarding those events. *Kelly v. N.J. Dep't Corr.*, Civil Action No. 11-7256. On December 22, 2011, Plaintiff was "falsely charged with a 053 and 052 which reads sexual proposals by SCO J. Barnes." (Compl. ¶ 30.) On December 27, 2011, Plaintiff received a disciplinary hearing, where he was found guilty of both charges and sanctioned. (*Id.* at ¶ 31.) Plaintiff filed an administrative appeal, which was denied. (*Id.* at ¶ 33.) Plaintiff alleges that his appeal was denied due to a "tactical effort" by George Robinson, a defendant in Plaintiff's previously filed civil rights action, to discredit Plaintiff. (*Id.* at ¶ 34.) On January 3, 2012,

Plaintiff reported said act of retaliation, which resulted in a transfer to Northern State Prison. (*Id.* at ¶ 36.)

On April 30, 2012, SCO Williams strategically removed Plaintiff's cellmate and stated, "I'm moving you to another cell. He's a snitch". (*Id.* at ¶ 32.)   SCO Williams then "exercised a campaign of harassment against plaintiff." (*Id.* at ¶ 38.)   During that period, Plaintiff was denied basic fundamental rights such as access to court, outgoing legal mail, phone calls and recreation. (*Id.* at ¶ 39.)   On July 5, 2012, SCO Williams stated to Plaintiff, "[a]t the next destination watch yourself.  Everything is already taken care of." (*Id.* at ¶ 40.)   On July 6, 2012, Plaintiff sent communications to Melissa Matthews, Associate Planner, Division of Operations and Assistant Superintendent Ms. Arther regarding that threat. (*Id.* at ¶ 41.)   On October 5, 2012, "the wing rep of Plaintiff's housing unit, who is also the brother of SCO Stevenson, informed plaintiff that an officer told him to 'get at him' or 'stab him.'" (*Id.* at ¶ 45.)   On October 10, 2012, Plaintiff submitted a remedy form regarding the information he received. (*Id.*)   On October 22, 2012, Plaintiff was assaulted, chemically sprayed and falsely charged by Sergeant Erawoc and other officers. (*Id.* at ¶ 46.)   Sergeant Erawoc filed disciplinary charges against Plaintiff, alleging that he "violated NJ Admin code title 10A:4-4.1 803/002 attempted assault on an officer, 306 conduct which disrupt and 254 refusing a housing assignment." (*Id.* at ¶ 48.)

On October 26, 2012, a disciplinary hearing was held, at the conclusion of which Plaintiff was found "not guilty of prohibited act 254 and guilty of prohibited act *803/002." (*Id.* at ¶ 52.) The hearing officer imposed sanctions of "15 days detention (CTS), 365 days administrative segregation, 365 days loss communication time and guilty of prohibited act *306, 15 days in detention, 365 days of administrative segregation and 365 days loss communication time, to be served consecutively." (*Id.* at ¶ 53.)   On November 1, 2012, Associate Administrator of E.J.S.P.

3

Colm Foley "recharged plaintiff with prohibited act 254 and affirmed sanctions, thus contaminating the disposition of disciplinary appeal." (*Id.* at ¶ 54.) On November 9, 2012, Plaintiff was sent back to administrative segregation at Northern State Prison. (*Id.* at ¶ 56.)

Plaintiff alleges that on November 13, 2013, "the Honorable Peter G. Sheridan of the Appellate Court for the State of New Jersey" remanding the agency's decision finding Plaintiff guilty of disciplinary charges "002/803." (*Id.* at ¶¶ 59-60.) Plaintiff alleges that the court did not retain jurisdiction and gave the Department of Corrections until December 7, 2013 to comply with the remand proceedings, however at the time of the filing of this Complaint, the Department of Corrections had not yet complied. (*Id.* at ¶¶ 61, 64.) On January 24, 2014, Plaintiff was transferred to Southern State Correctional Facility from Bayside State Prison. (*Id.* at ¶ 65.) On January 27, 2014, Plaintiff was assaulted by SCO Cavagnaro and falsely charged with refusing a search. (*Id.* at ¶ 66.) On February 2, 2014, Plaintiff was found guilty of the charges. (*Id.* at ¶ 67.) Plaintiff is seeking injunctive and monetary damages.

## II.  DISCUSSION

### A. Legal Standard

### 1. Standards for a *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This

4

action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B), 1915A

because Plaintiff is a prisoner proceeding *in forma pauperis*.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers

'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"

556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient

factual matter" to show that the claim is facially plausible.   *Fowler v. UPMS Shadyside*, 578 F.3d

203, 210 (3d Cir. 2009) (citation omitted).   "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged."   *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3

(3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).   Moreover, while *pro se* pleadings are liberally

construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim."

*Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

**2.   Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his

constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of
> the United States or other person within the jurisdiction thereof to the deprivation
> of any rights, privileges, or immunities secured by the Constitution and laws, shall
> be liable to the party injured in an action at law, suit in equity, or other proper
> proceeding for redress....

---

[1]   "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C.
§ 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil
Procedure 12(b)(6)."   *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v.
Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir.
2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d
Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

## B. Analysis

Since the allegations of the Complaint are disjointed and unclear, the Court has identified the claims Plaintiff appears to have intended to raise, to the best of its ability.[2] Those claims are: (1) retaliation claim against SCO Stevenson based on Plaintiff's transfer to another prison after he reported a threat from SCO Stevenson on July 11, 2008; (2) retaliation claim against SCO Stevenson based on Plaintiff's transfer to another prison after he reported a threat from SCO Stevenson on January 24, 2011; (3) retaliation claim against Defendant George Robinson based on the filing of false disciplinary charges against Plaintiff on December 22, 2011; (4) retaliation claim against unidentified Defendant based on Plaintiff's transfer to another prison after he reported Defendant Robinson's retaliation claim on January 3, 2012; (5) access to the courts and conditions of confinement claims against Defendant Williams based on denial of access to the courts, phone calls and recreation from April 2012 through July 2012; (6) retaliation claim against SCO Stevenson based on the assault against Plaintiff by Sergeant Erawoc on October 22, 2012 after Plaintiff reported a threat by SCO Stevenson; (7) excessive force claim against Sergeant

---

[2] To the extent Plaintiff intended to raise any other claims in this Complaint which the Court has not identified, Plaintiff is advised to clearly raise said claims in any amended complaint.

Erawoc on October 22, 2012; and (8) excessive force claim against SCO Cavagnaro on January 27, 2014.[3]

**1.   Counts One Through Four**

Federal courts look to state law to determine the limitations period for § 1983 actions.   *See Wallace v. Kato*, 549 U.S. 384, 387–88 (2007).   Civil rights or constitutional tort claims, such as the retaliation claims presented here, are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions.   *See Wallace, supra*; *Wilson v. Garcia*, 471 U.S. 261, 280 (1985); *Hynoski v. Columbia Cnty. Redevelopment Auth.*, 914 F.Supp.2d 547, 560 (M.D.Pa. 2013) ("[A] First Amendment retaliation claim would have accrued after any individual act which was intended to punish the person exercising their First Amendment rights") (citing *O'Connor v. City of Newark*, 440 F.3d 125, 127 (3d Cir. 2006)). Accordingly, New Jersey's two-year limitations period on personal injury actions, N.J. Stat. Ann., § 2A:14–2, governs Plaintiff's claims here.   *See Montgomery v. DeSimone*, 159 F.3d 120, 126 & n. 4 (3d Cir. 1998); *Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989).   Under N.J. Stat. Ann. § 2A:14–2, an action for an injury to the person caused by a wrongful act, neglect, or default must be commenced within two years of accrual of the cause of action.   *Cito*, 892 F.2d at 25; *accord Brown v. Foley*, 810 F.2d 55, 56 (3d Cir. 1987).

---

[3] The Court will not address any of the factual allegations regarding the positive urine test from 2011 as those are duplicative of the allegations in the now-dismissed civil action that Plaintiff previously filed with this Court.   *See Kelly v. N.J. Dep't of Corr.*, Civil Action No. 11-7256.   Nor will the Court address any claims Plaintiff intended to raise regarding the alleged November 13, 2013 Order from this Court remanding a disciplinary hearing decision back to the prison.   (Compl. ¶ 59.)   This Court did not enter any such order and it is unclear to what Plaintiff is referring.   To the extent Plaintiff is seeking restoration of commutation credits which were previously lost as a result of a disciplinary hearing, such a challenge must be brought in a habeas petition.   *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

The statute of limitations is an affirmative defense that the defendants generally must plead and prove. *See Bethel v. Jendoco Const. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978) (statute of limitations on civil rights claim is an affirmative defense).   While a plaintiff is not required to plead that the claim has been brought within the statute of limitations, *Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002), the Supreme Court observed in *Jones v. Bock*, 549 U.S. 199, 215 (2007), that if the allegations of a complaint, "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."

Plaintiff's Complaint is dated May 12, 2014.   (Compl. ¶ 80.)   Therefore, incidents of alleged retaliation and conditions-of-confinement claims which occurred prior to May 12, 2012 are timebarred, absent tolling.   New Jersey statutes set forth certain bases for "statutory tolling." *See, e.g.*, N.J.S.A. § 2A:14–21 (detailing tolling because of minority or insanity); N.J.S.A. § 2A 14–22 (detailing tolling because of nonresidency of persons liable).   The Complaint does not allege any basis for statutory tolling.

New Jersey law also permits "equitable tolling" where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has "in some extraordinary way" been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum. *See Freeman v. State*, 347 N.J.Super. 11, 31 (citations omitted).   "However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." *Id.*   When state tolling rules contradict federal law or policy, in certain limited circumstances, federal courts can turn to federal tolling doctrine. *See Lake v. Arnold*, 232 F.3d 360, 370 (3d Cir. 2000).   Under federal law, equitable tolling is

8

appropriate in three general scenarios: (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum. In this case, Plaintiff fails to articulate any basis for equitable tolling.

Finally, the United States Court of Appeals for the Third Circuit has held that the statute of limitations is tolled while a prisoner exhausts administrative remedies. *See Pearson v. Sec'y Dep't of Corr.*, 775 F.3d 598, 603 (3d Cir. 2015); *see also Bullock v. Buck*, No. 14–4559, 2015 WL 1951895, at *2 (3d Cir. May 1, 2015). Though Plaintiff does make a vague reference to attempts to exhaust his remedies, he provides no information regarding such attempts, including what claims he was exhausting, the process he undertook, or the dates of any such remedies. (Compl. ¶ 70.) There is no basis for this Court to conclude that Plaintiff was even exhausting the claims which are timebarred. Therefore, at this juncture, the Court is unable to find that the statute of limitations should be tolled for these claims because Plaintiff was exhausting his remedies. *See Hankins v. Wolf*, No. 12-168, 2015 WL 1842915, at *5 (W.D. Pa. Apr. 22, 2015).

It is apparent from the face of the Complaint that Counts One through Four of Plaintiff's Complaint, which include: (1) retaliation claim against SCO Stevenson based on Plaintiff's transfer to another prison after he reported a threat from SCO Stevenson on July 11, 2008; (2) retaliation claim against SCO Stevenson based on Plaintiff's transfer to another prison after he reported a threat from SCO Stevenson on January 24, 2011; (3) retaliation claim against Defendant George Robinson based on the filing of false disciplinary charges against Plaintiff on December 22, 2011; and (4) retaliation claim against unidentified Defendant based on Plaintiff's transfer to another prison after he reported Defendant Robinson's retaliation claim on January 3, 2012, are

9

timebarred and this Court will dismiss those claims as untimely. *See Paluch v. Sec'y Pa. Dep't of Corr.*, 442 F. App'x 690, 694 n. 2 (3d Cir. 2011) ("Although the statute of limitations applicable to § 1983 actions is an affirmative defense, which may be waived by the defendant, it is appropriate to dismiss sua sponte under § 1915(e)(2) a complaint whose untimeliness is apparent from the face of the record"); *McPherson v. United States*, 2010 WL 3446879, at *4 (3d Cir. Sept. 2, 2010) ("[W]hen a statute-of-limitations defense is apparent from the face of the complaint, a court may sua sponte dismiss the complaint pursuant to 28 U.S.C. § 1915 or 28 U.S.C. § 1915A").

**2.   Conditions of Confinement and Access-to-the-Courts Claims (Count Five)**

In Count Five of his Complaint, Plaintiff alleges only that Defendant SCO Williams exercised a "campaign of harassment" against him, which included denying Plaintiff access to the courts, phone calls and recreation from April 2012 through July 2012.

The First and Fourteenth Amendments guarantee inmates a right of access to the courts. *See Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008) (per curiam) (citing *Lewis v. Casey*, 518 U.S. 343, 354–55 (1996)). The Supreme Court has repeatedly recognized that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Lewis*, 518 U.S. at 346 (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (internal quotations omitted)). This right however, is not unlimited. "The tools [*Bounds* ] requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis*, 518 U.S. at 355.

10

Additionally, an inmate must show that the lack of meaningful access to the courts caused him past or imminent "actual injury". *See Lewis*, 518 U.S. at 350–52; *Oliver v. Fauver*, 118 F.3d 175, 177–78 (3d Cir. 1997). To do this, he must identify an "arguable," "nonfrivolous" underlying cause of action, either anticipated or lost, and show that the prison's deficient program frustrated his efforts to litigate that action. *Lewis*, at 351–53; *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). To satisfy the "actual injury" requirement,

> [An inmate] might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable to file even a complaint.

*Lewis*, 518 U.S. at 351.

In his Complaint, Plaintiff fails to provide any information about the alleged denial of access to the courts. As such, the Court is unable to determine whether it is an action to attack Plaintiff's sentence, directly or collaterally, or to challenge the conditions of his confinement. Moreover, the Court is unable to determine whether it is "arguable" and "nonfrivolous." Finally, Plaintiff does not provide any information about "actual injury." Because Plaintiff has failed to provide virtually any information about his denial of access-to-the-courts claim, said claim will be dismissed without prejudice.

Plaintiff's conditions-of-confinement claim regarding denial of recreation suffers from the same deficiencies. While the denial of exercise or recreation in some circumstances may result in a violation of the Eighth Amendment, *see Peterkin v. Jeffes*, 855 F.2d 1021, 1031–33 (3d Cir. 1988), "a temporary denial of outdoor exercise with no medical effects is not a substantial deprivation." *Fantone v. Herbik*, 528 F. App'x 123, 127 (3d Cir. 2013) (quoting *May v. Baldwin*,

109 F.3d 557, 565 (9th Cir. 1997)). *See also Gattis v. Phelps*, 341 F. App'x 801, 805 (3d Cir.

2009); *Knight v. Armontrout*, 878 F.2d 1093, 1096 (8th Cir. 1989) (denial of outdoor recreation

for thirteen days not cruel and unusual punishment).

In *Gattis*, the Third Circuit Court of Appeals noted that minimal provision of exercise and

recreation can satisfy the Constitution. *Gattis*, 344 F. App'x at 805 (limited exercise with no

guarantee of outdoor recreation does not implicate the Eighth Amendment). A denial of exercise

or recreation only results in a constitutional violation "if such denial is sufficiently serious to

deprive the prisoner of the minimal civilized measure of life necessities." *Id.*

Here, Plaintiff provides no details about the alleged denial of recreation time. He does not

state for how long he was denied recreation, whether it was related to any administrative

segregation or provide any other details. Consequently, this claim will be dismissed without

prejudice.

### 3.   Retaliation Claim (Count Six)

Plaintiff alleges that on October 5, 2012, the "wing rep of Plaintiff's housing unit, who is

also the brother of SCO Stevenson, informed plaintiff that an officer told him to 'get at him' or

'stab him.'" (Compl. ¶ 45.) Plaintiff filed a grievance regarding this "threat" on October 10,

2012. (*Id.*) On October 22, 2012, Plaintiff was "assaulted, chemical [sic] sprayed and falsely

charged by Sergeant Erawoc and officers." (*Id.* at ¶ 46.)

Retaliation against a prisoner based on his exercise of a constitutional right violates the

First Amendment. *Bistrian v. Levi*, 696 F.3d 352, 376 (3d Cir. 2012) (citing *Mitchell v. Horn*,

318 F.3d 523, 529–31 (3d Cir. 2003); *Rauser v. Horn*, 241 F.3d 330, 333–34 (3d Cir. 2001); *Allah

v. Seiverling*, 229 F.3d 220, 224–26 (3d Cir. 2000). To state a First Amendment retaliation claim,

a plaintiff must allege (1) that he was engaged in constitutionally protected conduct; (2) he suffered

some adverse action at the hands of the prison officials; and (3) his constitutionally protected conduct was a substantial or motivating factor in the decision to take the adverse action.  *Bistrian*, 696 F.3d at 376 (citing *Rauser*, 241 F.3d at 333).

Here, Plaintiff alleges that on October 10, 2012, he submitted a grievance about the threat from SCO Stevenson.   Certainly, the filing of inmate grievances is a constitutionally protected activity.   *See Mearin v. Vidonish*, 450 F. App'x 100, 102 (3d Cir. 2011) ("[T]he filing of grievances and lawsuits against prison officials constitutes constitutionally protected activity"). With regard to the second prong, the Court finds that the filing of a disciplinary charge and physical assault were adverse action sufficient to deter a prisoner of ordinary firmness from exercising his constitutionally protected conduct in satisfaction of the second *Rauser* requirement.   *See Allah*, 229 F.3d at 225.

For the third element of a retaliation claim, a plaintiff must allege that the constitutionally protected conduct was a substantial or motivating factor for the adverse response.   *See Velasquez v. Diguglielmo*, 516 F. Ap'x 91, 95 (3d Cir. 2013) (citing *Carter v. McGrady*, 292 F.3d 152, 157, 158 (3d Cir. 2002); *Rauser*, 241 F.3d at 333)).   The mere fact that an adverse action occurs after either a complaint or grievance is filed is relevant, but not dispositive, for the purpose of establishing a causal link between the two events.   *See Lape v. Pennsylvania*, 157 F. App'x 491, 498 (3d Cir. 2005).   Only where the facts of a particular case are "unusually suggestive" of a retaliatory motive will temporal proximity, standing alone, support an inference of causation. *Krouse v. American Sterlizer Co.*, 126 F.3d 494, 503 (3d Cir. 1997).

Here, the allegations do not establish a causal connection between the filing of Plaintiff's grievance against SCO Stevenson and the subsequent assault by SCO Erawoc.   Plaintiff learned of the alleged threat from his "wing rep" and reported it by filing a grievance.   Plaintiff does not

13

identify with whom he filed his grievance, however there is no indication that SCO Erawoc or SCO Stevenson was said individual or that they were otherwise aware of the grievance. More importantly, Plaintiff has not alleged any facts which would indicate a connection between SCO Erawoc and SCO Stevenson. They appear to be two separate individuals, both of whom worked at the same prison. Otherwise, there is no apparent connection and no factual basis for this Court to find a causal nexus. In sum, Plaintiff has put forth no support for his claim that the alleged assault by SCO Erawoc was in any way connected to the grievance Plaintiff filed about SCO Stevenson; simply because the assault by SCO Erawoc occurred in temporal proximity to the filing of the grievance about SCO Stevenson does not establish the requisite connection when there are no other facts to connect the two events or individuals. *See Lape*, 157 F. App'x at 498; *Krouse*, 126 F.3d at 503. This claim is dismissed without prejudice.

**4. Excessive Force (Counts Seven and Eight)**

Plaintiff alleges two separate excessive force claims: against SCO Erawoc and against SCO Cavagnaro.

When reviewing excessive force claims under the Eighth Amendment, courts must determine whether the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Monroe v. Phelps*, 520 F. App'x 67, 70 (3d Cir. 2013) (quoting *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)). Whether the force applied was excessive requires the weighing of several factors, including: (1) the need for force, (2) the relationship between that need and the amount of force used, (3) the extent of the injury, (4) the extent of the threat to safety "as reasonably perceived by responsible officials," and (5) "any efforts made to temper the severity of a forceful response." *Id.* (quoting *Whitley v. Albers*, 475 U.S. 312, 231 (1986)). A finding that excessive force was used, or vice versa, must depend on the extent of

14

the force and the surrounding circumstances, not upon the resulting injury.  *Id.* (citing *Smith v. Mensinger*, 293 F.3d 641, 648 (3d Cir. 2002)).

**a. SCO Erawoc (Count Seven)**

Plaintiff alleges that SCO Erawoc and "officers" "assaulted, chemical [sic] sprayed and falsely charged" him on October 22, 2012.  (Compl. ¶ 46.)  He states that he suffered multiple injuries to the head, back, eyes, shoulder and neck.  (*Id.* at ¶ 47.)  However, he does not provide any further information about the incident.  It is unclear how said individuals "assaulted" him, what role each of them played in the incident or any of the circumstances surrounding the assault. The one-sentence statement that Plaintiff provides about this incident falls well short of the pleading requirements set forth by *Iqbal*.  *See Fowler*, 578 F.3d at 210.  This claim will be dismissed without prejudice.

**b. SCO Cavagnaro (Count Eight)**

Plaintiff alleges that on January 27, 2014, he was assaulted by SCO Cavagaro while at Southern State Correctional Facility.  (Compl. ¶ 66.)  As with his other excessive force claim, the allegation against SCO Cavagaro is insufficient to state a claim under *Iqbal*.  Plaintiff provides absolutely no details or factual support but merely states that SCO Cavagaro assaulted him. Without sufficient factual matter set forth in the Complaint, the Court cannot "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Consequently, Court must dismiss this claim without prejudice.

**III.  CONCLUSION**

For the reasons stated above, the Complaint will be dismissed in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  However, because it is conceivable that Plaintiff may be able to supplement his

15

pleading with facts sufficient to overcome the deficiencies noted herein, including any basis for tolling, the Court will grant Plaintiff leave to move to re-open this case and to file an amended complaint.[4]   An appropriate order follows.

Dated:

_Peter Sheridan_ 8/31/15
Peter G. Sheridan, U.S.D.J.

---

[4] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]."  6 Wright, Miller & Kane, _Federal Practice and Procedure_ § 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  _Id._   To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  _Id._